UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. WILLIAM PORTER ENTERPRISES CORP., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT ROY, et al.,<br><br>      Defendants. | CIVIL ACTION<br>NO. 24-40034-DHH |

## REPORT & RECOMMENDATION

**March 14, 2024**

**Hennessy, M.J.**

*Pro se* Plaintiffs R. William Porter Enterprises Corp., N.E. Investment Realty Trust, and Richard W. Porter, Jr. bring this action against Defendants Robert and Renee Roy, who allegedly reside in New Hampshire. Plaintiff is confined at the Worcester Recovery Center and Hospital ("WRCH"). For the reasons stated below, the Court RECOMMENDS that Plaintiffs R. William Porter Enterprises Corp. and N.E. Investment Realty Trust be STRUCK from the pleadings pursuant to Local Rule 85.5.5(c) and the remaining claims be DISMISSED for improper venue.

**I.    Factual Background**

Plaintiff filed a one-page, handwritten complaint on March 4, 2024, in which he claims that he is the trustee of N.E. Investment Realty Trust (the "Trust") and the only stockholder of R. William Porter Enterprises Corp (the "Corporation"). *Id.* Plaintiff claims that the Corporation went into bankruptcy proceedings in 2003, during which the Corporation transferred the deed to 6 Mallard Lane, Londonderry, New Hampshire (the "Property") to the Trust. *Id.*; *see also id.*, Ex. 1. He claims that Defendants bought the Property at a foreclosure sale on July 16, 2016,

through a fraudulent deed. *Id.* On the same day Plaintiff claims that Defendants broke into the Property and have been living there ever since. *Id.* Plaintiff alleges that the fraudulent foreclosure sale took place because the Property was rented out at the time, as Plaintiff himself had not visited the Property since 2001. *Id.* Plaintiff did not include a prayer for relief in the instant Complaint.

Since October 3, 2023, Porter has filed at least twelve other lawsuits in this Court in which he claims that individuals are unlawfully occupying and claiming ownership of properties of which he is the true owner.[1] *See Porter v. Candia Police Dep't*, C.A. No. 23-40143-MRG (concerning 564 Old Candia Rd., Candia, NH); *Porter v. Thompson*, C.A. 23-40148-MRG (same); *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG (same); *Porter v Candia Police*, C.A. 23-40152-MRG (same); *Porter v. State of New Hampshire*, C.A. No. 23-40157-MRG (same); *Porter v. Town of Candia*, C.A. No. 23-40014-MRG (same); *Porter v. Town of Candia*, C.A. No. 24-40016-MRG (same); *Porter v. St. Onge*, C.A. No. 23-40149-MRG (concerning 355 Deerfield Rd., Allenstown, NH); *Porter v. D + C Revocable Family Trust.*, CA 23-40170-MRG (same); *Porter v. Morino*, C.A. No. 23-40133-MRG (concerning 17 Babson St., Wakefield, MA & 9 Brentwood Rd., North Reading, MA); *Porter v. Commonwealth*, C.A. 23-40179-MRG (concerning 31 Winston Ave., Wilmington, MA); *Porter v. McDermott*, C.A. No. 24-40013-MRG (concerning 260 Grove St., Framingham, MA). This is the second lawsuit he has filed against these same Defendants regarding the same alleged conduct. *See Porter v. Roy et al.*, C.A. No. 24-40008-MRG.

Additionally, Plaintiff has alleged that in 2017, upon the application of Nancy Morino (who resides at a Massachusetts property which is the subject of one of his lawsuits), the Malden

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

2

District Court issued a harassment prevention order against a person other than himself named "Robert Porter," and that Plaintiff has been wrongfully committed based on Morino's false accusations that Plaintiff violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2017, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Plaintiff filed documents in the closed action seeking eviction of individuals living at the Property and other New Hampshire properties, claiming to be the properties' owner. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (Dkt. No. 19) (referring to the Property; 38 Ritar Cir. Rd., Northwood, NH; and 3 Longre Rd., Merrimack, NH). Subsequently, he filed a document in which he alleged that Defendant and another individual stole land from him. *Id.* (Dkt. No. 29). Plaintiff includes a copy of a June 2017 order of the Rockingham (NH) Superior Court indicating that he has been prohibited from filing a civil complaint against Defendant without receiving prior authorization from the court to do so. *Id.*

## II.  Discussion

### A.  *Pro Se* Representation of the Corporation and the Trust

Plaintiff claims to represent the interests of the Corporation and the Trust as the entities' sole stockholder and trustee, respectively. *See* Dkt. No. 1. Local Rule 83.5.5, which governs the practice of *pro se* litigants, specifically prohibits a corporation or trust from appearing *pro se*. Local Rule 83.5.5(c). The Rule also forbids an individual trustee, officer, or director from appearing on behalf of an entity unless that person is an attorney admitted to practice in Massachusetts. *Id.* Finally, the Rule provides that the court may strike any pleading filed on behalf of an entity that purports to appear *pro se* in violation of Rule 83.5.5. *Id.*

Plaintiffs Corporation and Trust should be struck from the pleadings pursuant to Local Rule 85.5.5(c). Despite Plaintiff's alleged status as trustee or stockholder, he is prohibited from

3

representing the Corporation or the Trust unless he is an attorney admitted to practice in Massachusetts. A search of all Massachusetts-licensed attorneys provided by the Massachusetts Board of Bar Overseers did not return any results for a licensed attorney by the name of Richard W. Porter. *See Look Up an Attorney*, Mass. Bd. Bar Overseers, https://www.massbbo.org/s/attorney-lookup?fName=richard%20&lName=porter&loc&bboNumber. Plaintiff has also failed to allege that he is admitted to practice law in Massachusetts. As such, Plaintiff is prohibited from representing the Corporation and the Trust, and Plaintiffs Corporation and Trust should be struck from the pleadings.

### B. Improper Venue

As to claims brought by Plaintiff on his own behalf, the District of Massachusetts is not the proper venue.[2] The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*,

---

[2] This action may also be frivolous. A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Rather, in legal parlance, a complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As a whole, the instant one-page, hand-written, bare bones complaint fails to provide an arguable legal or factual basis for this suit. Among other things, Plaintiff alleges that Defendants purchased the Property through a foreclosure sale. On the same day, Plaintiff alleges that Defendants broke into the Property to take ownership and possess a fraudulent deed while Plaintiff is in possession of the valid deed. (The Court notes that Plaintiff has averred in other lawsuits that he does not own any real estate. *See Porter v. Commonwealth of Massachusetts et al.*, 4:23-cv-40179-MRG (Dkt. No. 4).) The Complaint makes little sense and the vagueness of Plaintiff's allegations coupled with his litigation history suggest the frivolity of this suit. However, the District Judge need not consider whether this suit is frivolous should she adopt the recommendation to dismiss for improper venue.

443 U.S. 173, 183–84 (1979) (emphasis added).  The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A court may dismiss an action *sua sponte* for improper venue after screening pursuant to 28 U.S.C. § 1915(e)(2) when it is "obvious from the face of the complaint and no further factual record is required" to determine that venue is improper.  *See, e.g.*, *Cox v. Rushie*, No. 12-cv-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)) (dismissing Plaintiff's complaint for improper venue after § 1915(e)(2) screening); *DeBarros v. Frank*, No. 20-cv-260, 2020 WL 5570005, at *8-9 (D.R.I. Sept. 17, 2020) (same).

The District of Massachusetts is not the proper venue for Plaintiff's claim concerning an alleged interest in real property located in New Hampshire.  Subsection (1) of the above statute is inapplicable because there is no allegation that all Defendants reside in Massachusetts.  To the contrary, the Complaint alleges that Defendants reside in New Hampshire.  Dkt. No. 1.  Subsection (2) does not support venue in this Court because the property is situated in New Hampshire and the events giving rise to Plaintiff's claims, such as the alleged burglary, did not occur in Massachusetts.  Because venue exists in the District of New Hampshire (the site of the property and the burglary), subsection (3) is irrelevant; further, nothing in the Complaint suggests that this Court could exercise personal jurisdiction over any defendant.

**IV.     Conclusion**

For the reasons set forth above, the Court RECOMMENDS that Plaintiffs R. William Porter Enterprises Corp. and N.E. Investment Realty Trust be STRUCK from the pleadings pursuant to Local Rule 85.5.5(c) and the action be DISMISSED for improper venue.[3]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[3] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections. The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).